# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL DOCKET NO.: 3:09CV375-V

| | |
|---|---|
| DEBRA COHN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **Memorandum and Order** |
| ) | |
| RODNEY B. FREEMAN, ) | |
|     Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion following issuance of an Order for Show Cause, filed March 31, 2010.[1] (Document #15)

On August 27, 2009, Plaintiff Debra Cohn ("Cohn"), acting *pro se*, commenced this action alleging slander and violation of 42 U.S.C. §1983 by Defendant Rodney B. Freeman ("Freeman"). (Document #2) Cohn alleged that Freeman, a pastor at Mt. Zion Restoration Church, located in South Carolina, told her son and another individual that her husband (and her son's father), now deceased, suspected Cohn of trying to kill him. (Compl. ¶D(a)(2)) Cohn further alleged that Freeman warned her son not to eat or drink anything prepared by Cohn as Cohn may likewise be trying to poison him. (Compl. ¶D(b)(2)) In her prayer for relief, Cohn requested monetary damages in the amount of $5,000,000 for "high blood pressure, stress, depression, and the mental duress of having certain church family and members of the community view [her] as a murderess." (Compl. ¶G)

In his Answer, Defendant moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief may be

---

[1] For efficiency's sake, the Court hereby incorporates by reference the March 31, 2010 Order.

granted, pursuant to FED. R. CIV. P. 12(b)(1), (b)(2), and (b)(6).[2] (Document #9 / Motion to Dismiss & Answer, ¶¶1,2)

After initial review, the Court issued an Order for Show Cause to Plaintiff Cohn. In the Show Cause Order, Cohn was advised that her cause of action may be subject to dismissal as a matter of law. The Order identified the factual and legal weaknesses in Cohn's case and specifically directed Plaintiff to provide any documentary evidence concerning her alleged damages.

Cohn responded on April 26, 2010, and asserted that both diversity and federal question jurisdiction are satisfied. (Document #17) For the reasons stated herein, nothing within Plaintiff's response alters the Court's initial analysis concerning the absence of subject matter jurisdiction.

**A. Federal Question, 28 U.S.C. §1331**

According to Cohn, multiple federal questions are presented, giving rise to federal question jurisdiction. *See* 28 U.S.C. § 1331. With respect to her §1983 claim, Cohn merely restates the legal position advanced within her Complaint. Even if the Court assumes Plaintiff's factual allegations are true, and allows all reasonable inferences in her favor, Freeman was not acting "under color of state law." (Order Show Cause, at 3-4) Plaintiff's §1983 claim is not cognizable.

Cohn originally contended that she had been subject to "cruel and unusual punishment."[3] Cohn now includes allegations that Freeman violated her First Amendment rights (*i.e.*,

---

[2] Because Freeman did not submit a separate motion and a memorandum of law in support of the motion to dismiss, the Court is not required to recognize Paragraph 2 of the document as a motion. See L.Civ.R. 7.1(C)(1).

[3] The Eighth Amendment of the U.S.Constitution provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

2

"Establishment Clause, free Exercise Clause, freedom of Speech, of the press, freedom of Religion, and of assembly, Right to petition ....") as well as her Ninth Amendment rights.[4]

Although Cohn includes various First Amendment terms of art within her filing, the factual basis for the First Amendment claim is that, following this series of events, Cohn quit attending worship services at Mt. Zion Restoration Church – the church Freeman pastors, and apparently, the same church Cohn grew up in. (Response at 2-3) Significantly, Plaintiff does not allege that she was asked or forced to leave her church by Defendant Freeman. Moreover, Plaintiff does not allege that she was prohibited from engaging in any protected speech, or from assembling as she saw fit. Plaintiff's alleged facts do not support a cause of action for violation of the First Amendment.

Cohn's Ninth Amendment claim is premised upon Freeman's purported deprivation of Cohn's constitutional right "to be Respected, trusted, honored, an[d] loved by her Son Shanus Gordon." (Response at 3) This cause of action cannot be sustained as there is no constitutional right to a loving familial relationship. Further, the Ninth Amendment speaks to federal intereference with state affairs – not individual rights. *See generally,* McDonald v. City of Chicago, Ill., 130 S.Ct. 3020, 3084 n. 20 (2010) (identifying the Ninth Amendment as an "obvious example" of a Bill of Rights provision that deals with federal interference in state affairs and "is not readily construed as protecting rights that belong to individuals").

Finally, to the extent Cohn's filing could be construed as a Motion for Leave to Amend the

---

[4] The Ninth Amendment reads:

"The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

3

Complaint, said amendment is <u>denied</u> as futile. *See* Fed. R. Civ. P. 15(a)(2); <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 242 (4th Cir.1999).

### B. Diversity of Citizenship, 28 U.S.C. §1332

Cohn continues to assert that the amount in controversy requirement for diversity jurisdiction is, in fact, met. 28 U.S.C. §1332(a)(1).[5] In the March 2010 Order, the Court questioned whether the alleged amount in controversy could be established or supported by Plaintiff given the nature of damages pled. Accordingly, Plaintiff was directed to submit documentary evidence including specification of any actual or compensatory damages she has incurred such as expenses related to medical or psychological treatment, etc. In her response, Plaintiff submitted copies of miscellaneous medical bills for services rendered in 2009 and January 2010 that appear on their face to be unrelated.[6] Plaintiff failed to submit any evidence of psychological treatment prescribed or sought.

For all of these reasons, the Court finds that Defendant is entitled to dismissal of this action as a matter of law.

---

[5] As already noted, Plaintiff is a resident of North Carolina and Defendant Freeman is a resident of South Carolina. (Compl. ¶B1 / Answer ¶¶2,3)

[6] For example, Document #1 is a $6,692 bill from CaroMont Health for emergency room treatment and testing conducted in September 2009. Document #2 is a past due notice issued by CaroMont Health for the sum of $1,940 for services rendered on January 16, 2010 at Gaston Memorial Hospital. Documents ##3 through 5 are each for unpaid medical expenses less than $300 and balances owed to CaroMont Health, Gaston Family Health Services, Inc., and Gaston Radiology, PA.. Plaintiff's own calculation of the medical expenses that are documented totals $9,634.00.
  <u>While not actually submitted in conjunction with her written response, Plaintiff describes the following medical expenses in support of her damages claim in excess of $75,000</u>: Document #6 = a medical summary compiled by the Gaston Family Health Services, a Division of N.C. Department of Social Services; Document #7 = a continuation of Plaintiff's medical condition; Document #8 = medications for high blood pressure, stress, depression; but plaintiff no longer takes depression medication; Documents ## 9 through 21 = identified by Plaintiff as expenses for "[m]edications . . . pertaining to Chapter E. injury."

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is hereby **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[7]

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Cease and Desist" (Document #11) and "Motion for Mediated Settlement Conference" (Document #20) are likewise **DENIED as MOOT**.

Signed: November 22, 2010

Richard L. Voorhees
United States District Judge

---

[7] Alternatively, Plaintiff's Complaint does not survive Rule 12(b)(6) scrutiny under Twombly / Iqbal. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (To survive a motion to dismiss, Plaintiff's allegations must provide "enough facts to state a claim to relief that is plausible on its face."); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009) (In considering the plausibility of a claim, the Court must disregard conclusory statements unsupported by factual allegations.)